JS 44 (Rev. 12/07) (cand rev 1-16-08) **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

**I. (a) PLAINTIFFS**

Albert Dytch

**DEFENDANTS**

Taebong Jin and Sookae Jin

**(b)** County of Residence of First Listed Plaintiff Alameda
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant Alameda
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Thomas N. Stewart, III
369 Blue Oak Lane
Clayton, CA 94517
(925) 672-8452

Attorneys (If Known)

E-filing  *EDL*  *ADR*

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 | U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | | | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 740 Railway Labor Act | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | or Defendant) | ☐ 900 Appeal of Fee |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party | Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | 26 USC 7609 | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | to Justice |
| | ☒ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – | | ☐ 950 Constitutionality of |
| | Other | | Alien Detainee | | State Statutes |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration | | |
| | | | Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

| | | | | Transferred from | | Appeal to District |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC 12101

Brief description of cause:
ADA Title III

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY**

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE
"NOTICE OF RELATED CASE".

**IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)**
(PLACE AND "X" IN ONE BOX ONLY)

☒ SAN FRANCISCO/OAKLAND ☐ SAN JOSE

DATE
November 3, 2008

SIGNATURE OF ATTORNEY OF RECORD

1 | THOMAS N. STEWART, III - #88128
ATTORNEY AT LAW
2 | 369 BLUE OAK LANE, 2nd FLOOR
CLAYTON, CA 94517
3 | TELEPHONE (925) 672-8452
TELEFAX (925) 673-1729
4 | Attorneys for Albert Dytch

*E-filing*

5

UNITED STATES DISTRICT COURT

6 | **ORIGINAL** NORTHERN DISTRICT OF CALIFORNIA

*EDL*

7

8 | ALBERT DYTCH,                    Case No. C08- **5028**

Civil Rights

9 |       Plaintiff,

COMPLAINT FOR PRELIMINARY AND
10 | v.                               PERMANENT INJUNCTIVE RELIEF AND
DAMAGES: DENIAL OF CIVIL RIGHTS AND
11 | TAEBONG JIN and SOOKAE          PUBLIC FACILITIES TO PHYSICALLY
JIN,                             DISABLED PERSONS (CIVIL CODE §§ 54,
12 |                                 54.1 AND 55; INJUNCTIVE RELIEF PER
TITLE III, AMERICANS WITH DISABILITIES
13 |                                 ACT OF 1990

14 |       Defendants.

_____/

15

Plaintiff, Albert Dytch, alleges:

16

FIRST CLAIM FOR RELIEF: DAMAGES AND INJUNCTIVE RELIEF
17 | FOR DENIAL OF FULL AND EQUAL ACCESS TO A PUBLIC ACCOMMODATION:
PUBLIC FACILITIES AT A RESTAURANT (Civil Code §§ 51, 54.1)

18

1.    Plaintiff, suffers from muscular dystrophy, does not have the substantial use of his legs
19

and is a "person with a disability" and "physically handicapped person". Plaintiff requires the
20

use of a wheelchair for locomotion and is either unable to use portions of public facilities which
21

are not accessible to disabled persons who require the use of a wheelchair or is only able to use
22

23

Complaint                        1

1    such portions with undue difficulty.

2    2. The Ta-Ke Sushi restaurant located at 357 Grand Avenue, Oakland, California (the

3    Restaurant) is a restaurant which is open to the public. Defendants own the real property where

4    the Restaurant is located and/or operate the Restaurant.

5    3. Summary of facts: This case involves the denial of access to Plaintiff and others similarly

6    situated at the Restaurant on October 18, 2008 . Plaintiff was denied equal protection of the

7    law and was denied Civil Rights under both California law and federal law, as hereinbelow

8    described. Plaintiff was denied his rights to full and equal access at the Restaurant because of

9    its men's restroom, all of which made the Restaurant not properly accessible to Plaintiff and to

10   others similarly situated. Plaintiff seeks injunctive relief to require Defendants to correct those

11   barriers, to comply with ADAAG and the CBC where required, to remove all barriers to access

12   in the Restaurant which are readily achievable, to make all reasonable accommodations in

13   policy in order to enable Plaintiff and others similarly situated to use the Restaurant and at

14   minimum, to use readily achievable alternative methods to enable Plaintiff to use the goods and

15   services which the Restaurant makes available to the non-disabled public. Plaintiff also seeks

16   the recovery of damages for his personal damages involved in the discriminatory experiences

17   on October 18, 2008, and seeks recovery of reasonable attorney's fees and litigation expenses

18   and costs according to statute.

19   4. Jurisdiction: This Court has jurisdiction of this action pursuant to 28 USC § 1331 for

20   violations of the Americans with Disabilities Act of 1990, 42 USC 12101 et seq. Pursuant to

21   supplemental jurisdiction, attendant and related causes of action arising from the same facts are

22

23   Complaint                                2

1   also brought under California law, including but not limited to violations of California Civil

2   Code §§ 51, 54, 54.1 and 55.

3   5.  Venue: Venue is proper in this Court pursuant to 28 USC 1391(b) and is founded on the fact

4   that the location where Plaintiff experienced his discrimination is located in this district and

5   that Plaintiff's causes of action arose in this district.

6   6.  Intradistrict: This case should be assigned to the San Francisco intradistrict because the

7   incident occurred in, and Plaintiff's rights arose in, the San Francisco intradistrict.

8   7.  The Restaurant is a "public accommodation or facility" subject to the requirements of

9   California Civil Code § 51, 54, 54.1 and 55.

10  8. Placeholder.

11  9.  Defendant is and was the owner, operator, manager, lessor and lessee of the subject

12  Restaurant at all times relevant herein.  Plaintiff is informed and believes that each of the

13  Defendants is and was the agent, employee or representative of each of the other Defendants,

14  and performed all acts and omissions stated herein within the scope of such agency or

15  employment or representative capacity and is responsible in some manner for the acts and

16  omissions of the other Defendants in proximately causing the damages complained of herein.

17  10.  Plaintiff and others similarly situated are disabled persons who require the use of a

18  wheelchair and are unable to use public facilities on a "full and equal" basis unless each such

19  facility is in compliance with the provisions of the Americans with Disabilities Act of 1990 and

20  the regulations thereof.  Under Civil Code §§ 51 and 54.1, Defendants were required to comply

21  with the requirements of the Americans with Disabilities Act of 1990 and the federal

22

23
        Complaint                                3

1    regulations adopted pursuant thereto. The acts and omissions of which Plaintiff complains took

2    place at the Restaurant.

3    11. Civil Code §§ 51 and 54, et seq., were enacted to prohibit discrimination against people

4    with disabilities and to encourage the full and free use by people with disabilities of public

5    facilities and other public places. CC §§ 51 and 54(c) state that a violation of the Americans

6    with Disabilities Act of 1990 is a "violation of this section"; CC § 54.1(a) states that

7    individuals with disabilities are entitled to "full and equal access" to public accommodations

8    and that such access means that which meets the standards of Titles II and III of the Americans

9    with Disabilities Act of 1990 and federal regulations adopted pursuant thereto; CC § 52 states

10   that minimum damages for discrimination are $4,000 for each incidence of discrimination; CC

11   § 54.3 states that minimum damages for discrimination are $1,000; CC § 54.3 states that a

12   defendant who denies or interferes with a disabled person's rights of access is liable for actual

13   damages and attorneys' fees.

14   12. Health & Safety Code § 19955 was enacted "To ensure that public accommodations or

15   facilities constructed in this state with private funds adhere to provisions of Chapter 7

16   (commencing with § 4450) of Division 5 of Title 1 of the Government Code." Such public

17   accommodations include those which are the subject of this action. On information and belief,

18   Title 24 California Code of Regulations, formerly known as the California Administrative

19   Code, was in effect at the time of construction and of each alteration of work, all of which

20   occurred after July 1, 1982, thus requiring access complying with the specifications of title 24

21   for all such construction and for each such "alteration, structural repair or addition".

22

23       Complaint                                    4

1    13. The Restaurant's men's restroom is inaccessible because the doorway is too narrow, and it

2    lacks necessary accessible features.

3    On October 18, 2008, Plaintiff patronized the Restaurant. While he was there, he

4    wanted to use the men's restroom to urinate, but was unable to use it. He then left the

5    Restaurant in order to urinate elsewhere.

6    As a result, Plaintiff is entitled to statutory damages in an amount according to proof.

7    14. Defendant's failure to create accessible restrooms, remove all readily achievable barriers,

8    institute policies in furtherance of accessibility or at least have an alternate policy to enable

9    Plaintiff to use the goods and services offered to the non-disabled public without having to

10   suffer the indignities, as aforesaid, was a violation of the California Building Code, the

11   Americans with Disabilities Act and federal regulations adopted pursuant thereto, and as a

12   consequence, was a violation of Civil Code §§ 51 and 54, et seq.

13   15. Injunctive relief: Plaintiff seeks injunctive relief to prohibit the acts and omissions by

14   Defendant at the Restaurant as stated above which appear to be continuing, and which have the

15   effect of wrongfully excluding Plaintiff and others similarly situated from using the Restaurant.

16   Plaintiff will patronize the Restaurant again once the barriers are removed. Such acts and

17   omissions are the cause of humiliation and inconvenience of Plaintiff in that these actions

18   continue to treat Plaintiff as an inferior and second class citizen and serve to discriminate

19   against Plaintiff on the sole basis that Plaintiff is a person with a disability and requires the use

20   of a wheelchair for movement in public places. Plaintiff is unable so long as such acts and

21   omissions of Defendant continue, to achieve equal access to and use of this public facility. The

22

23
     Complaint                                5

1  acts of Defendant have proximately caused and will continue to cause irreparable injury to
2  Plaintiff if not enjoined by this Court.

3  16. Damages: As a result of the denial of equal access to the Restaurant and due to the acts and
4  omissions of Defendants and each of them in owning, operating and/or leasing the Restaurant,
5  Plaintiff suffered a violation of Civil Rights including but not limited to rights under Civil Code
6  §§ 51, 54 and 54.1, and suffered mental and emotional distress, all to Plaintiff's damages.
7  Defendant's actions and omissions to act constituted discrimination against Plaintiff on the sole
8  basis that Plaintiff was physically disabled and unable to use the facilities on a full and equal
9  basis as other persons. Plaintiff seeks the minimum damages of $4,000 pursuant to CC § 52,
10  and $1,000 pursuant to CC § 54.3, for each of the dates on which Plaintiff was subjected to
11  barriers at the Restaurant. Plaintiff also seeks trebling of all of the actual damages as provided
12  by Civil Code § 54.3.

13  17. Fees and costs: As a result of Defendant's acts, omissions and conduct, Plaintiff has been
14  required to incur attorney's fees, litigation expenses, and costs as provided by statute, in order
15  to enforce Plaintiff's rights and to enforce provisions of the law protecting access for disabled
16  persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks
17  recovery of all reasonable attorney's fees and costs, pursuant to the provisions of Civil Code §§
18  52 and 54.3. Additionally, Plaintiff's lawsuit is intended not only to obtain compensation for
19  damages to Plaintiff, but also to force the Defendants to make their facilities accessible to all
20  disabled members of the public, justifying "public interest" attorney's fees, litigation expenses
21  and costs pursuant to Code of Civil Procedure § 1021.5.

22

23  Complaint                                          6

1    18. Wherefore, Plaintiff asks this Court to preliminarily and permanently enjoin any continuing

2    refusal by Defendants to comply with the requirements of the Americans with Disabilities Act

3    of 1990 and regulations adopted pursuant thereto with respect to access of disabled persons to

4    the Restaurant; for statutory damages pursuant to CC § 52; for actual and treble damages

5    pursuant to CC § 54.3 and for attorneys' fees and costs pursuant to CC §§ 52, 54.3 and 1021.5.

6
7

SECOND CLAIM FOR RELIEF:
VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990
42 USC §§ 12101 FF

8    19. Plaintiff realleges the allegations of paragraphs 1-18 hereof.

9    20. Pursuant to law, in 1990 the United States Congress made findings per 42 USC §12101

10    regarding physically disabled persons, finding that laws were needed to more fully protect

11    "some 43 million Americans [with] one or more physical or mental disabilities"; that

12    "historically society has tended to isolate and segregate individuals with disabilities"; and that

13    "such forms of discrimination against individuals with disabilities continue to be a serious and

14    pervasive social problem"; that "the Nation's proper goals regarding individuals with disabilities

15    are to assure equality of opportunity, full participation, independent living and economic self

16    sufficiency for such individuals"; and that "the continuing existence of unfair and unnecessary

17    discrimination and prejudice denies people with disabilities the opportunity to compete on an

18    equal basis and to pursue those opportunities for which our free society is justifiably famous ..."

19    21. Congress stated as its purpose in passing the Americans with Disabilities Act (42 USC

20    §12101(b)):

21        It is the purpose of this act

22        (1) to provide a clear and comprehensive national mandate for the elimination of

23

Complaint               7

1    discrimination against individuals with disabilities;

2    (2) to provide clear, strong, consistent, *enforceable standards* addressing discrimination against individuals with disabilities;

3

4    (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and

5    (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of
6    *discrimination faced day to day* by people with disabilities (emphasis added).

7    22.  As part of the Americans with Disabilities Act, Public Law 101-336 (hereinafter the

8    "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private

9    Entities" (42 USC 12181 ff).  Among "private entities" which are considered "public

10   accommodations" for purposes of this Title is a Restaurant (Regulation 36.104).

11   23.  Pursuant to §302, 42 USC §12182, "No individual shall be discriminated against on the

12   basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges,

13   advantages or accommodations of any place of public accommodation by any person who

14   owns, leases or leases to, or operates a place of public accommodation."

15   24.  Among the specific prohibitions against discrimination were included:

16   *§12182(b)(2)(A)(ii)*: "A failure to make reasonable modifications in policies, practices or

17   procedures when such modifications are necessary to afford such goods, services, facilities,

18   privileges, advantages or accommodations to individuals with disabilities ...";

19   *§12182(b)(A)(iii)*: "a failure to take such steps as may be necessary to ensure that no individual

20   with a disability is excluded, denied service, segregated, or otherwise treated differently than

21   other individuals because of the absence of auxiliary aids and services ..."; *§12182(b)(A)(iv)*:

22

23
Complaint                                    8

"A failure to remove architectural barriers and communication barriers that are structural in nature, in existing facilities ... where such removal is readily achievable"; *§12182(b)(A)(v)*: "Where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable". The acts and omissions of Defendants set forth herein were in violation of Plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36ff.

25. The removal of each of the barriers complained of by Plaintiff as hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards of the Americans With Disabilities Act. Because the Restaurant was not accessible, Defendants had an obligation to have some sort of plan which would have allowed Plaintiff to enjoy the Restaurant's services without having to suffer the indignities as aforesaid.

26. Pursuant to the Americans with Disabilities Act, 42 USC 12188ff, §308, Plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of disability in violation of this Title or has reasonable grounds for believing that he is about to be subjected to discrimination in violation of §12182. On information and belief, Defendants have continued to violate the law and deny the rights of Plaintiff and of other disabled persons to access this public accommodation since on or before October 18, 2008. Pursuant to §12188(a)(2), "In cases of violations of §12182(b)(2)(A)(iv) ... injunctive relief shall include an order to alter

Complaint                                          9

1    facilities to make such facilities readily accessible to and usable by individuals with disabilities

2    to the extent required by this title."

3    27. Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of

4    1964, (42 USC 2000(a)-3(a), and pursuant to Federal Regulations adopted to implement the

5    Americans with Disabilities Act of 1990. Plaintiff is a person for purposes of Section 12188(a)

6    of the ADA who is being subjected to discrimination on the basis of disability in violation of

7    Title III and who has reasonable grounds for believing he will be subjected to such

8    discrimination each time that he may attempt to patronize the Restaurant.

9    Wherefore Plaintiff prays for relief as hereinafter stated:

10    PRAYER

11    1. Issue a preliminary and permanent injunction directing Defendants to modify its

12    facilities as required by law to comply with the ADAAG and the CBC where required, remove

13    all barriers where it is readily achievable to do so, institute policies in furtherance of

14    accessibility or at least have an alternate policy to enable Plaintiff to use the goods and services

15    offered to the non-disabled public so that it provides adequate access to all citizens, including

16    persons with disabilities; and issue a preliminary and permanent injunction directing

17    Defendants to maintain its facilities usable by plaintiff and similarly situated persons with

18    disabilities in compliance with federal regulations, and which provide full and equal access, as

19    required by law;

20    2. Retain jurisdiction over the Defendants until such time as the Court is satisfied that

21    Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible

22

23    Complaint            10

1 | public facilities as complained of herein no longer occur, and will not recur;

2 |      3. Award to Plaintiff all appropriate statutory damages;

3 |      4. Award to Plaintiff all reasonable attorneys' fees, all litigation expenses, and all costs

4 | of this proceeding as provided by law; and

5 |      5. Grant such other and further relief as this Court may deem just and proper.

6 | Date: November 3, 2008

7 |

8 |        ___S/Thomas N. Stewart, III_____

9 |           Attorney for Plaintiff

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |       Complaint                11